UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

PRIMERICA LIFE INSURANCE COMPANY,

   Plaintiff

v.

SEAN BAILEY, DOWN THE ROAD BREWERY, INC.
JIMMY CROTT and AYBIKE CROTT,

   Defendants.

## COMPLAINT FOR INTERPLEADER

Pursuant to Fed. R. Civ. P. 22, Plaintiff, Primerica Life Insurance Company ("Primerica"), files the following interpleader Complaint:

## PARTIES

1. Primerica is an insurance corporation organized under the laws of the State of Tennessee, with a principal place of business at 1 Primerica Parkway, Duluth, GA  30099

2. Defendant, Sean Bailey is an individual who, on information and belief, resides at 213 Barton Road in Stow, Middlesex County, Massachusetts.

3. Defendant, Down the Road Brewery, Inc. ("DTR"), is a Massachusetts corporation, with a principal place of business at 151 Bow Street, Unit B, in Everett, Suffolk County, Massachusetts.

4. Defendant, Jimmy Crott, is an individual who, on information and belief, resides at 22 Winter Street in Medford, Middlesex County, Massachusetts.

5. Defendant, Aybike Crott, is an individual who, on information and belief, resides at 22 Winter Street in Medford, Middlesex County, Massachusetts.

## JURISDICTION

6. This action is brought pursuant to the provisions of Fed. R. Civ. P. 22 and 28 U.S.C. § 1332.

7. Jurisdiction is proper in this matter because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between the neutral stakeholder and the claimants.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Commonwealth of Massachusetts. Venue is also appropriate pursuant to 28 U.S.C. § 1397 because one or more of the claimants reside in this judicial district.

## FACTS

9. On April 9, 2017, Primerica issued a term life insurance policy, bearing Policy No. 0490586672 ("the Policy") on the life of the primary insured, Donovan Sunshine Bailey, in the face amount of $800,000. A true copy of the Policy is attached hereto as **Exhibit 1**.

10. In the "Application for Life Insurance" submitted in connection with the Policy, DTR (62%), Jimmy Crott (19%) and Aybike Crott (19%) were listed as the primary beneficiaries. A true copy of the Application is attached hereto as **Exhibit 2**.

11. At all relevant times, Donovan Bailey was the majority shareholder, director and officer of DTR.

12. On or about October 11, 2018, Primerica received a Multipurpose Change Form, by which Donovan Bailey purported to change the principal beneficiary of the Policy to Sean S. Bailey (the "Beneficiary Change"). A true copy of the Multipurpose Change Form is attached hereto as **Exhibit 3**.

13. On information and belief, on July 31, 2019, Donovan Bailey died, at which time the benefit under the Policy was $800,000 (the "Benefit"). The Certificate of Death is attached hereto as **Exhibit 4.**

14. On August 22, 2019, Sean S. Bailey submitted a Claimant's Statement to Primerica, seeking the Benefit under the Policy. A true and accurate copy of the Claimant's Statement is attached hereto as **Exhibit 5**.

15. On or about August 15, 2019, Jimmy Crott and Aybike Crott (collectively "the Crotts") claimed that they were the intended beneficiaries of the Policy pursuant to the terms of a Convertible Promissory Note ("Note") securing a debt to DTR, of which Donovan Bailey was the majority shareholder. A true and accurate copy of the August 15, 2019 letter is attached hereto as **Exhibit 6**.

## INTERPLEADER

16. Primerica restates and incorporates the allegations set forth in Paragraphs 1 to 14 of its Complaint for Interpleader by reference, as if set forth fully herein.

17. As stated above, the Benefit payable under the Policy is $800,000.

18. Primerica admits that it must pay the Benefit, but avers that it must pay the Benefit only one time.

19. Primerica makes no claim to title or interest in the Benefit but seeks to ensure that it makes the correct payment(s) to the proper beneficiary(ies).

20. Given the competing claims to the Benefit, Primerica cannot determine what disposition it should make of the Benefit.

21. Primerica cannot reasonably proceed to issue payment in light of the conflicting claims presented to date without subjecting itself to actual or potential multiple liability with respect to the Benefit.

22. As Sean S. Bailey was not the designated beneficiary when the Policy was originally issued, it remains unclear whether he is entitled to the proceeds of the Policy as against the creditors and representatives of Donovan Bailey by virtue of G.L. c. 175, § 125.

23. Primerica is merely a disinterested stakeholder in this action, inasmuch as it claims no interest in the Benefit under the Policy, and admits that the Benefit is due and owing to someone. Primerica is ready and offers to deposit the Benefit with the Court or with a person duly authorized by the Court to receive it, upon the entry of an appropriate Order.

24. Primerica is entitled to have this Court adjudicate the competing or potentially competing claims of the Defendants, and to establish its legal obligations to the Defendants with finality.

WHEREFORE, Primerica respectfully requests that the Court issue an Order:

a. Allowing Primerica to deposit the Benefit of $800,000, with the Court or with a person or entity duly authorized by the Court to receive it;

b. Compelling the Defendants to determine through interpleader their competing or potentially competing and adverse claims to the Benefit under the Policy;

d. Extinguishing with finality all claims that the Defendants have or may have against Primerica;

e. Restraining the Defendants from instituting or prosecuting, in this or any other State or Federal court, any proceeding against Primerica and/or its agents with respect to the Policy and/or the Benefit payable under the Policy;

  f. Discharging Primerica from all liability to the Defendants arising out of the Policy and the matters set forth herein, upon payment of the Benefit into this Court or to a person or entity duly authorized by the Court to receive it;

  g. Awarding Primerica its reasonable attorney's fees and costs associated with filing this interpleader action; and

  h. Granting Primerica such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        The Plaintiff,
        Primerica Life Insurance Company
        By Its Attorneys,

        */s/ Bethany P. Minich*

        Bethany P. Minich, BBO # 648163
        minich@litchfieldcavo.com
        Litchfield Cavo, LLP
        6 Kimball Lane, Suite 200
        Lynnfield, MA  01940
        Tel: (781) 309-1500
        Fax: (781) 246-0167

Date: April 15, 2020