UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRIMERICA LIFE INSURANCE CO., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 20-cv-10743-ADB |
| SEAN BAILEY, DOWN THE ROAD | * |
| BREWERY, INC., JIMMY CROTT, and | * |
| AYBIKE CROTT, | * |
| | * |
| Defendants. | * |

**<u>MEMORANDUM AND ORDER ON MOTION TO DISMISS CROSSCLAIMS</u>**

BURROUGHS, D.J.

This action began when Primerica Life Insurance Co. ("Primerica") brought an interpleader complaint regarding competing claims to the benefits of a life insurance policy held by Donovan Bailey ("Donovan"), who is now deceased.[1] [ECF No. 1]. Crossclaim Plaintiffs Jimmy and Aybike Crott ("the Crotts") brought crossclaims against Crossclaim Defendant Sean Bailey ("Bailey") for equitable substitution and constructive trust. [ECF No. 16]. Currently before the court is Bailey's motion to dismiss the crossclaims. [ECF No. 19]. For the reasons set forth below, Bailey's motion is <u>GRANTED</u> in part and <u>DENIED</u> in part.

I. **BACKGROUND**

    A. **Factual Background**

The following facts are taken from the amended crossclaim complaint, [ECF No. 16], the factual allegations of which are assumed to be true when considering a motion to dismiss, <u>Ruivo v. Wells Fargo Bank, N.A.</u>, 766 F.3d 87, 90 (1st Cir. 2014).

---

[1] The Court refers to Donovan Bailey as "Donovan" so as to avoid confusion with Crossclaim Defendant Sean Bailey.

Donovan was the majority shareholder, director, and officer of Down the Road Brewery, Inc. ("DTR"). [ECF No. 16 ¶ 4]. According to a convertible promissory note dated January 26, 2017, the Crotts loaned DTR $300,000 in exchange for an all-assets lien and, as further material inducement for the loan, a security agreement providing that DTR would take out and maintain a $300,000 life insurance policy on Donovan for the benefit of the Crotts. [Id. ¶¶ 5–6].[2] Pursuant to that security agreement, on or about April 9, 2017, Donovan obtained the life insurance policy currently at issue ("the Policy") from Primerica for $800,000 and designated the Crotts at a combined beneficial interest of 38% (roughly $304,000), with the remaining beneficial interest designated to DTR. [Id. ¶¶ 7–8]. On or about October 11, 2018, Donovan submitted a change of beneficiary form to Primerica, designating Bailey, his brother and a minority shareholder in DTR, as the sole beneficiary. [Id. ¶¶ 9–10]. This change completely eliminated the Crotts as beneficiaries without their knowledge. [Id. ¶¶ 9, 11]. After Donovan died on July 31, 2019, both the Crotts and Bailey claimed to be the beneficiaries of the Policy. [ECF No. 1 ¶¶ 13–15].[3]

**B.     Procedural Background**

Primerica filed a complaint on April 15, 2020 to interplead the Crotts and Bailey on the matter of the payout of the Policy. [ECF No. 1]. On July 8, 2020, the Crotts filed their two crossclaims against Bailey, seeking equitable substitution and a constructive trust, [ECF No. 16],

---

[2] The note was attached to Bailey's motion to dismiss. [ECF No. 20-1]. Neither party has provided the Court with a copy of the security agreement referenced in the note, [id. at 3], which is alleged to contain the provision regarding obtaining an insurance policy in Donovan's name, [ECF No. 16 ¶¶ 5–6].

[3] The Crotts have not made any allegations regarding whether DTR made any loan payments before Donovan died. See [ECF No. 16]. They are asking the Court to award them $300,000 of the benefits due under the Policy. [Id. ¶¶ 19, 22].

which Bailey then moved to dismiss, [ECF No. 20].  The Crotts opposed the motion, [ECF No. 25], and Bailey replied, [ECF No. 29].

## II.     LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Id. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)).  "The plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45).  First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Second, the Court "must determine whether the remaining factual content allows a

'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

### III.   DISCUSSION

#### A.   Crossclaim for Equitable Substitution

Bailey argues that this crossclaim should be dismissed because equitable substitution is a remedy, not a claim. [ECF No. 20 at 3]. The Crotts maintain that equitable substitution is an appropriate claim given the facts alleged. [ECF No. 25 at 4–5].

Bailey is correct that, under Massachusetts law, equitable substitution is a remedy that is not available to the Crotts under the facts alleged. See Waxman v. Waxman, 995 N.E.2d 1138, 1144 (Mass. App. Ct. 2013) (describing equitable substitution as a remedy to be awarded by the court). In their opposition to the motion to dismiss, the Crotts rely almost entirely on a 2005 decision from the Massachusetts Supreme Judicial Court, Foster v. Hurley. [ECF No. 25 at 3–6]; Foster v. Hurley, 826 N.E.2d 719 (Mass. 2005). That case, however, dealt with policy disputes arising out of divorce and separation agreements, not secured loans. See Foster, 826 N.E.2d at 721. The Crotts do not cite, nor has this Court identified, any Massachusetts cases that have applied Foster to grant equitable substitution outside of that narrow context. See [ECF No. 25]. Here, where the Policy was obtained in connection with a secured transaction, rather than a contract, the Court finds no basis for extending the availability of equitable relief. Bailey's motion to dismiss the Crotts' crossclaim for equitable substitution, [ECF No. 20], is therefore GRANTED.

#### B.   Crossclaim for Constructive Trust

Bailey next argues that the Crotts' crossclaim for a constructive trust should be dismissed because they do not set forth an actionable claim and because the complaint fails to allege that

Bailey engaged in any wrongdoing.  [ECF No. 20 at 3–5].  The Crotts contend that their crossclaim is effectively a claim for unjust enrichment and that the Court should interpret it as such.  [ECF No. 25 at 7].

A constructive trust may be imposed "to prevent unjust enrichment resulting from fraud, a violation of a fiduciary duty or confidential relationship, mistake, or 'other circumstances' in which a recipient's acquisition of legal title to property amounts to unjust enrichment."  Maffei v. Roman Catholic Archbishop of Bos., 867 N.E.2d 300, 312 (Mass. 2007) (quoting Fortin v. Roman Catholic Bishop of Worcester, 625 N.E.2d 1352, 1358 (Mass. 1994)).  "A plaintiff asserting a claim for unjust enrichment must establish not only that the defendant received a benefit, but also that such a benefit was unjust, 'a quality that turns on the reasonable expectations of the parties.'"  Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 850 (Mass. 2013) (quoting Global Investors Agent Corp. v. Nat'l Fire Ins. Co., 927 N.E.2d 480, 494 (Mass. App. Ct. 2010)).  Further, in order to state a claim for unjust enrichment a Plaintiff "must demonstrate: 1) a benefit conferred on the Defendant by the Plaintiff; 2) an appreciation or knowledge of the benefit by the Defendant; 3) the acceptance or retention of the benefit by the Defendant under circumstances which make acceptance or retention inequitable."  In re Telexfree Sec. Litig., 389 F. Supp. 3d 101, 106 (D. Mass. 2019).

While Bailey is correct that "a constructive trust is an equitable remedy, not an independent cause of action," Petrucci v. Esdaile, 1684-cv-03998, 2020 Mass. Super. LEXIS 21, at *13 n.4 (Mass. Super. Ct. Jan. 9, 2020) (quoting Sacco v. Circosta, 17-P-251, 2018 Mass. App. Unpub. LEXIS 454, at *4 (Mass. App. Ct. 2018)), this is not determinative of whether the crossclaim should be dismissed as a whole rather than interpreted as a claim for unjust enrichment.  In Petrucci v. Esdaile, the plaintiff alleged separate claims for unjust enrichment

and constructive trust and the court determined that the claim for constructive trust "add[ed] nothing to the claim for unjust enrichment."  Id.  In contrast, in Sacco v. Circosta, where the plaintiff alleged only a claim for constructive trust and not unjust enrichment, the court "interpret[ed] the administrator's claim, . . . to be a claim of unjust enrichment seeking the remedy of a constructive trust."  Sacco, 2018 Mass. App. Unpub. LEXIS 454, at *4.

Here, the Crotts have adequately pled all elements of an unjust enrichment claim.  They allege that Bailey received a benefit by being named the sole beneficiary under the Policy. [ECF No. 16 ¶ 9].  The Crotts also allege that Bailey had knowledge of this benefit.  [Id. ¶ 13 ("Bailey knew, or because of his status as Donovan['s] brother and a minority shareholder of [DTR], should have known that the change in beneficiary designation was being made to defeat the Crotts' security in the loan they made to the company.")].  Finally, they allege that Bailey's acceptance of this benefit under the circumstances would be inequitable because DTR agreed to maintain a $300,000 insurance policy on Donovan's life for the benefit of the Crotts pursuant to the note and security agreement.  [ECF No. 16 ¶¶ 5–8].  That the note and security agreement existed, and that Donovan removed the Crotts to designate Bailey as the sole beneficiary under the Policy is not disputed.

As a final point, Bailey disputes whether he knew about the change in designation, noting that the Crotts only allege that he had knowledge of the benefit "[on] information and belief." [ECF No. 16 ¶ 13].  Yet "[p]leading 'upon information and belief' is not fatal under Twombly." Aspen Tech., Inc. v. Walter, No. 19-cv-11292, 2019 U.S. Dist. LEXIS 175816, at *10 (D. Mass. Sept. 12, 2019); see Menard v. CSX Transp., Inc., 698 F.3d 40, 44 (1st Cir. 2012) ("'Information and belief' does not mean pure speculation.").

> The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' (1) where the facts are peculiarly within

the possession and control of the defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible.

Lexington Ins. Co. v. Johnson Controls Fire Prot. Ltd. P'ship, 347 F. Supp. 3d 61, 64 n.1 (D. Mass. 2018) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)). Information regarding Bailey's knowledge of the benefit conferred by being named sole beneficiary of the Policy is within his control, and the inference that he would have had knowledge of the benefit due to being both a DTR shareholder and the Policy holder's brother is plausible.  As a result, drawing all reasonable factual inferences in favor of the Crotts, see Gilbert, 915 F.3d at 80, Bailey's motion to dismiss the crossclaim for constructive trust, [ECF No. 20], is DENIED.

## IV. CONCLUSION

Accordingly, Bailey's motion to dismiss, [ECF No. 19], is GRANTED in part and DENIED in part.  The Crotts' crossclaim for equitable substitution is dismissed.

**SO ORDERED.**

March 11, 2021                                            /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE